UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 19-cr-0047 (WMW) |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |
| Margurite Mary Cofell, | |
| Defendant. | |

---

This matter is before the Court on Defendant Margurite Mary Cofell's second motion for compassionate release from custody pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Dkt. 79.) Cofell asks the Court to reduce her 96-month prison sentence to time-served. Plaintiff United States of America opposes Cofell's motion. For the reasons addressed below, Cofell's motion is denied.

## BACKGROUND

In April 2019, Cofell pleaded guilty to one count of credit union fraud, in violation of 18 U.S.C. § 1344. This Court sentenced Cofell in December 2019 to 96 months' imprisonment. Cofell is incarcerated at the Federal Correctional Institution in Waseca, Minnesota (FCI Waseca). As of the date of this Order, she has served approximately 30 percent of her sentence. According to Federal Bureau of Prisons (BOP) records, Cofell's projected release date is November 7, 2026.

In March 2021, Cofell filed a *pro se* motion for compassionate release. Cofell argued that, in light of the COVID-19 pandemic, her health was at high risk because her

age, her history of smoking, and a chronic obstructive pulmonary disease (COPD) diagnosis, make her more vulnerable to serious illness in the event that she contracts the COVID-19 virus again.[1]  Cofell also contended that there is a particularized risk of harm at FCI Waseca because 75 percent of inmates had tested positive for COVID-19.  Cofell also argued that the nature of her offense and her community involvement, *see* 18 U.S.C. §§ 3582(c)(1)(A), 3553(a), warranted granting her motion for compassionate release.  In a July 27, 2021 Order, this Court rejected each of Cofell's arguments and concluded that a sentence reduction was not warranted.

Cofell filed her now-pending second motion for compassionate release on December 13, 2021.  Cofell again argues that the COVID-19 pandemic, combined with her age and health conditions, make her more vulnerable to serious illness if she contracts the COVID-19 virus.  And she contends that the death of her stepson also warrants a sentence reduction.  The United States opposes Cofell's motion.

## ANALYSIS

A district court "may not modify a term of imprisonment once it has been imposed" except pursuant to specific statutory exceptions.  18 U.S.C. § 3582(c).  The compassionate-release provision of the First Step Act is one such statutory exception.  *See* 18 U.S.C. § 3582(c)(1)(A).  Section 603(b) of the First Step Act amends 18 U.S.C. § 3582 and allows a defendant to petition a district court directly for compassionate

---

[1]  It is undisputed that Cofell previously contracted COVID-19 and has recovered.

release. First Step Act of 2018 (FSA), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).[2]

A district court may reduce a defendant's term of imprisonment if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). A district court also must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Congress has authorized the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Sentencing Commission defines "extraordinary and compelling reasons" to include (1) medical conditions that substantially diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration of physical or mental health, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. *U.S. Sent'g Guidelines Manual* (U.S.S.G.) § 1B1.13, cmt. 1(A)–(D). The burden rests with the defendant to show that he or she is entitled to a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

---

[2] A defendant may move the district court for a sentence reduction only after exhausting all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). Cofell's satisfaction of the exhaustion requirement is uncontested.

### I.     Extraordinary and Compelling Reasons

Cofell contends that her age and health conditions, together with the ongoing COVID-19 pandemic and emerging variants and recent outbreaks at FCI Waseca, demonstrate extraordinary and compelling reasons that warrant reducing her sentence to time served. In addition, Cofell argues that the death of her stepson is a family circumstance that warrants a sentence reduction. The Court addresses each argument in turn.

#### A.     COVID-19

An inmate's medical conditions may, without more, prove sufficiently extraordinary and compelling to justify a sentence modification. *See* U.S.S.G. § 1B1.13 cmt. 1(A) (providing that extraordinary and compelling reasons may exist if the defendant's medical conditions are "serious and advanced . . . with an end of life trajectory" or are serious enough that they "substantially diminish[ ] the ability of the defendant to provide self-care" within the facility and "from which he or she is not expected to recover"). An inmate's serious medical condition "in combination with" additional reasons also may justify a sentence reduction. U.S.S.G. § 1B1.13 cmt. 1(D).

Courts that have considered compassionate-release motions in the context of the COVID-19 pandemic have required an inmate to demonstrate "both a particularized susceptibility to the disease and a particularized risk of contracting the disease at [the inmate's] prison facility." *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020) (collecting cases); *accord United States v. Reiter*, No. 18-37(2) (ADM),

4

2020 WL 6136124, at *2 (D. Minn. Oct. 19, 2020) (same).  The "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).  The Court next addresses, in turn, whether Cofell has demonstrated a particularized susceptibility to COVID-19 and a particularized risk of contracting COVID-19 at FCI Waseca.

        **1.**        **Particularized Susceptibility**

Cofell contends that she is particularly susceptible to COVID-19 because of her age and health conditions.  The Court previously rejected these arguments, and Cofell has not presented any new evidence or argument that would materially impact the Court's prior conclusions.  Indeed, because Cofell is now vaccinated, she likely is *less* susceptible to COVID-19 than she was when the Court denied her previous motion for a sentence reduction.  *See Garrett v. Murphy*, 17 F.4th 419, 433 (3d Cir. 2021) (recognizing that the widespread availability of effective COVID-19 vaccines weighs against granting a sentence reduction); *United States v. Hald*, 8 F.4th 932, 936 n.2, 939 n.5 (10th Cir. 2021) (observing that receiving a COVID-19 vaccine weighs against a finding of extraordinary and compelling reasons for a sentence reduction).  Moreover, when Cofell previously contracted COVID-19 before being vaccinated, she recovered after experiencing relatively minor effects and side effects, despite her age and health conditions.  For these reasons, Cofell has not established that she is particularly susceptible to COVID-19, and

5

her health conditions do not demonstrate the extraordinary and compelling reasons necessary to warrant reducing her sentence.

### 2.     Particularized Risk at FCI Waseca

Cofell also contends that she is at particularized risk of contracting COVID-19 at FCI Waseca because FCI Waseca experienced a COVID-19 outbreak in late 2021.

The United States does not dispute that FCI Waseca has experienced COVID-19 outbreaks, but argues that Cofell is not at particularized risk at FCI Waseca. As this Court found when denying Cofell's first motion for compassionate release, the BOP and FCI Waseca have instituted successful measures to address COVID-19 outbreaks. Cofell acknowledges that FCI Waseca has instituted such measures, including but not limited to quarantines and testing. And Cofell does not provide any evidence that the outbreak in late 2021 presented a particularized risk to her or that she contracted COVID-19 during the outbreak.

The BOP currently reports that 134 staff members and 812 inmates at FCI Waseca have received full vaccination against COVID-19. *See* BOP, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited May 12, 2022). As the current inmate population at FCI Waseca is 721, approximately 100 percent of the inmates at FCI Waseca are fully vaccinated.[3] *See* BOP, *Population Statistics*, https://www.bop.gov/mobile/about/population_statistics.jsp (last visited May 12, 2022).

---

[3]     The Court presumes that, because the BOP is reporting an inmate population at FCI Waseca that is lower than the number of FCI Waseca inmates who have been fully vaccinated, this disparity reflects that some vaccinated inmates were transferred or released from FCI Waseca after being vaccinated.

The BOP also currently reports that FCI Waseca has two inmates and three staff members who are positive for COVID-19. *See* BOP, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited May 12, 2022). These statistics strongly suggest that, contrary to Cofell's arguments, the BOP's safety protocols and vaccination efforts have effectively managed the COVID-19 risks at FCI Waseca.

In summary, because Cofell has shown neither a particularized susceptibility to COVID-19 nor a particularized risk of harm at FCI Waseca, she has not demonstrated the existence of extraordinary and compelling reasons that warrant a sentence reduction on this basis.

      B.      **Family Circumstances**

Cofell also contends that the recent unexpected death of her stepson warrants a sentence reduction because she would like to help her stepson's surviving family members, including children.

The United States Sentencing Guidelines address the relevance of family circumstances when determining whether a sentence reduction is warranted. Specifically, family circumstances *may* warrant a sentence reduction in two scenarios:

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13, cmt. 1(C). The death of Cofell's stepson, while tragic, does not establish either of the foregoing criteria. Moreover, Cofell provides no evidence to

demonstrate that she is the only available caregiver for any of her stepson's surviving children.

For these reasons, Cofell's family circumstances do not demonstrate the existence of extraordinary and compelling reasons that warrant a sentence reduction.

## II. Section 3553(a) Factors

Cofell argues that the Section 3553(a) factors also support reducing her sentence. Specifically, she contends that a sentence reduction is warranted because her offense was nonviolent, she has no criminal history, she took responsibility for her offense, and she has exhibited good behavior in prison and pursued opportunities for self-improvement

When considering a motion for a sentence reduction, a district court considers, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, the need to provide just punishment for the offense, and the need to protect the public from further crimes of the defendant. *See* 18 U.S.C. §§ 3553(a), 3582(c)(1)(A). Even if extraordinary and compelling reasons are presented, the Section 3553(a) factors may not warrant granting a sentence reduction if doing so "would undermine the goals of the original sentence." *United States v. Bess*, 455 F. Supp. 3d 53, 66 (W.D.N.Y. 2020) (internal quotation marks omitted); *accord United States v. Crenshaw*, No. 16-CR-0004 (PJS/SER), 2020 WL 6821872, at *1–2 (D. Minn. Nov. 20, 2020) (finding extraordinary and compelling reasons for a sentence reduction, but nonetheless denying defendant's motion for compassionate release "because his release would be inconsistent with 18 U.S.C. § 3553(a)").

Cofell has not identified any material change in circumstances since the Court, in its July 2021 Order, concluded that the Section 3553(a) factors did not warrant a reduction in Cofell's sentence. It is true that "postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors." *Pepper v. United States*, 562 U.S. 476, 491 (2011). The Court commends Cofell for her lack of disciplinary infractions and any steps she is taking to pursue self-improvement. But the Court must balance these efforts against the Court's duty to protect the public, promote respect for the law, and impose a just punishment for Cofell's offense. Cofell committed a serious offense and, to date, has served approximately one-third of her 96-month sentence. Cofell has not established that reducing her sentence to a term of supervised release would promote respect for the law, provide adequate deterrence or adequately protect the public. *See* 18 U.S.C. § 3553(a)(2)(A)–(D). Despite Cofell's positive post-sentencing behavior, granting her motion for a sentence reduction would "undermine the goals of the original sentence." *Bess*, 455 F. Supp. 3d at 66 (internal quotation marks omitted).

For these reasons, the Section 3553(a) factors do not warrant a sentence reduction.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Margurite Mary Cofell's renewed motion for compassionate release from custody, (Dkt. 79), is **DENIED**.

Dated: May 16, 2022                                s/Wilhelmina M. Wright
                                                                     Wilhelmina M. Wright
                                                                     United States District Judge